Nash, J.
 

 This case differs from that of
 
 Carter
 
 v.
 
 Wood,
 
 11 Ire. 22, in several respects. The plaintiff’ there,-who sued
 
 in forma pauperis,
 
 had recovered a verdict against the defendant, upon which judgment was rendered, but none for costs. The rule was upon the defendant to show, why he should not be taxed with the attendance of the plaintiff’s witnesses. The rule was discharged upon the special circumstances of the case. At the time the suit was tried, the plaintiff was s till under the protection of his order.— Here, the plaintiff- was dispaupered on his own motion, while the suit was still pending, and he entered into the ordinary prosecution bond, given by plaintiffs in general. Upon his verdict, judgment was rendered for him, not only for his damages, but for his costs. The enquiry, then, is for what costs was he liable ? For, under the act of 1777, ch. 115, .sec. 90, the “pai-tv, in whose favor judgment shall be given &c., shall be entitled to full costs.” . Whatever costs the plaintiff’ was bound to pay, he is entitled to recover of the defendants. The doctrine as to the extent of a plaintiff’s liability to pay costs, who sues
 
 in forma pauperis,
 
 as generally understood in this State, is fully stated in the case of
 
 Clark
 
 v.
 
 Dupree,
 
 2 Dev. 411. The. protection, furnished by the act of the General Assembly Rev. Stat. ch. 31. sec. 47 is withdrawn, whensoever, by the order of the Court, it is adjudged, that the plain tiff'ceases to need it, and that will be, whenever, in the progress of the case, and before its determination, it is made to appear, that, either at the institution of the suit, he had the requisite quantity of property, or that he had acquired it since. Our act is very nearly a transcript oí that of 11 Henry IX, ch. 11: and the decisions under that statute are safe guides to us in the exposition of our act. In a case, Anonymous, 2 Salk. 500 507, it is decided, that, if the plaintiff be dispáu-
 
 *246
 
 pered, it is the usual practice to tax his costs against him. This doctrine is approved in the third volume of Bacon’s Abridgment Title, Paupers Letter, 1). page 813. Stiles’ Rep. 386. This is a direct authority against the motion of the defendants. But in addition, the plaintiff’ here has given a prosecution bond, of course in the ordinary form, to prosecute the suit with effect, and, in case of failure, to pay all such costs and damages, as should be awarded against him. The defendants say, that, although this bond might subject them to pay the costs, incurred subsequent to its execution, it did not subject them to such as were incurred by the plaintiff antecedent thereto, for the reason, that the plaintiff was not bound to pay them, as, at that time, he was suing as a pauper. The case from Salkeld shows, that, upon being dispaupered, costs shall be taxed against him. What costs ? All those which any other plaintiff was liable to.— Under the English law, no person, summoned to attend as a witness, was bound to attend the Court, unless his expenses were paid or tendered to him. Our statute makes no such provision — the witness is bound to attend. At the termination of the term of each Court, he may compel the party, for whom he is summoned, to pay his attendance, or he may file his certificate in the Clerk’s office, term by term, to await the decision of the cause. At that time the successful party obtains a judgment for his Costs, and the attendance of his witnesses is taxed in the bill of costs, and is collected by the execution. The witnesses of the plaintiff in this case could not, it is true, while he was protected by his order, compel him to pay them, but they had a right to prove their attendance and to file their tickets. We are to presume, they didso. But again, if the defendants had succeeded in the suit, the plaintiff and his sureties in his prosecution bond would,- very clearly, have been bound for the attendance of his witnesses, as well before as after the execution of it. The case of
 
 Wilson
 
 v.
 
 Hedgpelh et al.
 
 3 Dev. 37, establishes that. It was decided, that a bond given, after the institution
 
 *247
 
 ot the suit, covers all the costs — no matter at what stage of the suit incurred. . If, under the circumstances of this case, the defendant could have'recovered their costs, incurred while the plaintiff was protected by his order, we see no good reason why the latter, when he is dispaupered and rendered liable to them, shall not recover them of the defendants.
 

 Pee Cukiam. Judgment below reversed, and the rule discharged.